# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | | |
|---|---|---|
| MORGAN COURT OWNERS ASSOCIATION, | ) ) ) | No. 71913-1-I |
| Respondent, | ) ) ) | DIVISION ONE |
| v. | ) ) ) | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for MORGAN STANLEY ABS CAPITAL I INC. TRUST 2007-NC2 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-NC2 | ) ) ) ) ) ) ) | UNPUBLISHED OPINION |
| Appellant. | ) ) | FILED: June 29, 2015 |

SPEARMAN, C.J. — Morgan Court Owners Association foreclosed on a first position lien and purchased a condominium unit for an amount substantially below market value. Deutsche Bank had a junior lien for $240,000 on the unit that was extinguished by the foreclosure sale. Deutsche Bank appeals, contending the trial court erred when it failed to grant Deutsche Bank's request for equitable relief from the foreclosure sale. Deutsche Bank argues that because the sale price was grossly inadequate, Morgan Court was not a bona fide purchaser and other indications of unfairness regarding the sale were present, the trial court should have ordered Morgan Court to sell the unit to Deutsche Bank. Finding no error, we affirm.

## FACTS

In 2008, respondent Morgan Court Owners Association (Morgan Court) initiated a judicial foreclosure action on its statutory lien for unpaid condominium assessments on the property commonly known as 10935 SE 187th Lane, Renton, Washington 98055 (Unit) and legally described as:

> UNIT 10935, BUILDING F, MORGAN COURT, A CONDOMINIUM, ACCORDING TO THE DECLARATION RECORDED UNDER RECORDING NO. 20001 030001942, AND ANY AMENDMENTS THERETO, AND 4 SURVEY MAP AND PLANS IN VOLUME 169 OF CONDOMINIUM PLATS, ON PAGES 38 THROUGH 44, RECORDS OF KING COUNTY, WASHINGTON; SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON. . . . Tax Parcel Acct No. or Account Number: 563590-0170-07.

Clerk's Papers (CP) at 44. At the time the Unit was owned by Carol Obeng. Obeng had taken out a loan with New Century Mortgage Corporation and executed a promissory note and deed of trust in favor of Mortgage Electronic Registration Systems (MERS) in November, 2006. Obeng defaulted on the Note as early as January 2009. New Century Mortgage Corporation endorsed the Note to appellant Deutsche Bank National Trust Company, as trustee for Morgan Stanley ABS Capital I Inc., Trust 2007 NC2 Mortgage Pass-Through Certificates, Series 2007-NO2 (Deutsche Bank).

Morgan Court filed a lawsuit on July 25, 2008, naming MERS and CitiFinancial as defendants in the judicial foreclosure action. MERS was served on August 6, 2008. On February 10, 2009, Morgan Court obtained a default judgment against Obeng for $8,817.17 in outstanding assessments and an order granting Morgan Court a lien on the Unit, with priority over all interests except the

statutory right of redemption. Morgan Court attempted to collect on the judgment by garnishing Obeng's wages. Obeng filed for Chapter 13 bankruptcy in May 2009. On May 20, 2009, Saxon Mortgage (Saxon), as servicing agent for Deutsche Bank, filed proof of secured claim in the Obeng bankruptcy and requested notice of service. This was the first appearance of MERS or Deutsche Bank in either the state or the bankruptcy court, a full nine months after being served with the complaint for judicial foreclosure.

On May 27, 2009, Morgan Court filed a motion for relief from stay to proceed with the foreclosure. Copies of the motion were mailed to Saxon on that date. No objections were made to Morgan Court's request for relief from stay, and the bankruptcy court entered an order granting relief on June 23, 2009.

Obeng entered into a purchase and sale agreement for the Unit on or about August 31, 2009. The proposed buyer had been approved for a home loan at that time for the purchase price of $210,000. In the meantime, Morgan Court obtained an order of sale on October 14, 2009. Notice of the sheriff's sale scheduled for December 4, 2009 was mailed to the judgment debtors but not to MERS or Saxon. Saxon approved the short sale on November 24, 2009 and agreed to accept $175,332.71 of the sale proceeds in exchange for release of the lien.

Correspondence in the record shows that as of November 23, 2009, Morgan Court had been made aware of the proposed short sale and had considered postponing the sheriff's sale. Obeng also contacted Morgan Court on December 2, 2009, in an attempt to postpone the sheriff's sale. Morgan Court

3

declined to postpone and the sheriff's sale took place as scheduled. At the sale, Morgan Court was the highest bidder at $8,818.17, the amount of its judgment.

Nothing in the record shows that Deutsche Bank, Obeng, Saxon, or MERS made any effort after December 2, 2009, to sell or purchase the Unit or to pay any amount toward Morgan Court's judgment lien in order to redeem the Unit. The statutory redemption period expired on December 4, 2010. On January 18, 2011, the sheriff issued a deed conveying the Unit to Morgan Court. On May 6, 2011, a year and a half after the Unit had been sold, MERS assigned the deed of trust to Deutsche Bank. The assignment was recorded on July 25, 2011.

Morgan Court filed this action to quiet title on March 21, 2013.[1] Deutsche Bank was served on April 30, 2013. On July 2, 2013, Morgan Court obtained an order of default and an order quieting title. Deutsche Bank appeared on July 19, 2013, and on August 7, 2013. The parties stipulated to set aside the order of default and vacate the order to quiet title. Deutsche Bank filed an answer and affirmative defenses on September 9, 2013.

Morgan Court filed a motion for summary judgment and order to quiet title on February 24, 2014. Deutsche Bank filed a motion to amend its answer to add a counterclaim for declaratory relief to invalidate the statutes for failure to require a foreclosing lienholder to provide additional notice of sale or redemption period. In its opposition to summary judgment, Deutsche Bank argued that its equitable interest was superior to Morgan Court's, and that the trial court should apply

---

[1] Morgan Court initially named both MERS and Deutsche Bank, along with Obeng, as defendants, but dismissed MERS as it no longer had any interest in the Unit.

4

equitable principles to fashion the appropriate relief. The trial court denied Deutsche Bank's motion to amend and granted summary judgment in favor of Morgan Court on April 4, 2014.

In its oral ruling, the trial court found that MERS, as the beneficiary of the deed of trust and Deutsche Bank's predecessor in interest, had adequate notice of the sheriff's sale, and that Deutsche Bank had not shown that any additional notice was required. The trial court found that "defendants failed to protect the deed of trust before this sheriff's sale, and that – that the deed of trust was eliminated because of defendant's inaction to protect it." Verbatim Report of Proceedings (VRP) at 31.

Deutsche Bank appealed the trial court's order granting summary judgment and quieting title, and the order denying its motion to amend. Deutsche Bank later elected not to pursue its appeal of the denial of the motion to amend.

## DISCUSSION

The question of whether equitable relief is appropriate is a question of law to be reviewed de novo. Niemann v. Vaughn Comm'ty Church, 154 Wn.2d 365, 374, 113 P.3d 463 (2005). The fashioning of the remedy is reviewed for abuse of discretion. Sorenson v. Pyeatt, 158 Wn.2d 523, 531, 146 P.3d 1172 (2006). Here, the trial court granted summary judgment in favor of Morgan Court, which is also a question of law, and declined to grant equitable relief. Review is therefore de novo.

Deutsche Bank asked the trial court to fashion an equitable remedy in lieu of quieting title. Deutsche Bank correctly states that the courts are authorized to

step in and prevent the enforcement of a legal right whenever such an enforcement would be inequitable. Proctor v. Huntington, 169 Wn.2d 491, 500, 238 P.3d 1117 (2010). In Proctor the Huntingtons made a good-faith mistake and built their $300,000 home on an acre of Proctor's adjoining property. Instead of forcing the Huntingtons to move their home, the trial court required Proctor to sell the underlying acre to the Huntingtons for $25,000. Id. at 495. On appeal, the Supreme Court affirmed. The Court set forth a five part test for when a court may forego enforcement of a traditional property rule, such as the absolute right to ejectment in encroachment cases, and instead utilize a liability rule that permits "the exchange of damages for a transfer of a legal right." Id. at 496-500. Deutsche Bank asks that we invoke our equitable powers in a similar manner that "transcends the mechanical application of property rules."[2] Id. at 501 (citing Arnold v. Melani, 75 Wn.2d 143, 449 P.2d 800 (1968)); Brief of Appellant at 15.

The parties agree that the standard for invalidating a foreclosure sale provides the appropriate legal framework. In Miebach v. Colasurdo, 102 Wn.2d 170, 175, 685 P.2d 1074 (1984), the court held that a foreclosure sale may be set aside on equitable grounds where (1) the buyer or his successor is not a bona fide purchaser, (2) the price paid for the property is grossly inadequate, and (3) there are "irregularities" surrounding the sale, such as a failure on the part of the creditor to seek satisfaction of the debt from personal property before

---

[2] In opposition to summary judgment, Deutsche Bank submitted only the Proctor test as a basis for equitable relief and did not argue that the trial court should have applied the standard of misconduct required for invalidating a foreclosure sale.

executing on real property. Morgan Court concedes that it was not a bona fide purchaser and that the price was grossly inadequate. Brief of Respondent at 13. Thus, the only point of contention is whether there were circumstances indicating unfairness that would require the sale to be set aside on equitable grounds.

Deutsche Bank cites the rule from Casa Del Rey v. Hart, 110 Wn.2d 65, 71-72, 750 P.2d 261 (1988), that states if the purchase price is "grossly inadequate," and there is no bona fide purchaser, then a party need only show "'slight circumstances indicating unfairness'" to justify the imposition of an equitable remedy. Br. of Appellant at 23-24. But Morgan Court argues that in those cases where the sales have been set aside, the slight circumstances indicating unfairness always involved the failure of the judgment creditor to comply with statutory requirements or in which the creditor engaged in some sort of misconduct. In Casa Del Rey and Miebach, the judgment creditors failed to abide by the statutory requirement that before resorting to foreclosure, efforts must first be made to satisfy the judgment out of personal property. Morgan Court argues, and Deutsche Bank concedes, that Morgan Court first sought to satisfy its lien out of Obeng's personal property but was thwarted when she filed for bankruptcy. And Deutsche Bank does not contend that Morgan Court otherwise violated any statutes.

Nonetheless, Deutsche Bank argues slight circumstances indicating unfairness exist in this case that warrant equitable relief. Deutsche Bank points out that Morgan Court failed to provide notice of the sheriff's sale to anyone but the judgment debtor, and failed to agree to delay the sale when it knew that there

was a private third party buyer willing to purchase it for an amount that would pay off the Deutsche Bank loan. Deutsche Bank points to email correspondence between Morgan Court and Morgan Court's counsel demonstrating that Morgan Court chose to go forward with the sale as scheduled in order to protect its priority of lien, instead of postponing so that Deutsche Bank's lien could be paid from the proceeds of a short sale.

According to Deutsche Bank, although Morgan Court "technically compl[ied] with the [foreclosure] statute," the fact that Morgan Court sought to deliberately pursue its own interests at the expense of Deutsche Bank is sufficient reason to set aside a sale. Br. of Appellant at 23. The only authority Deutsche Bank offers in support of this proposition, however, is dicta from Mellen v. Edwards, 179 Wash. 272, 283-84, 37 P.2d 203 (1934). In that case, the state Supreme Court reversed an order setting aside a sale, because there were no circumstances indicating unfairness that would warranted the court's intervention. The Mellen court pointed out that "it [did] not appear that the appellant has taken advantage of [conditions] to further his own interests." 179 Wash. at 284. The court also held that there was nothing in the record that "indicate[d] a deliberate and willful attempt upon the part of the appellant to take advantage of the general situation to further a selfish purpose and to enrich himself at the expense of the respondents." Id. Deutsche Bank argues that Mellen also stands for the converse – that "a foreclosing party that deliberately enriches itself at the expense of others has engaged in precisely the type of conduct that warrants equitable intervention." Reply Brief. at 16. The argument is unavailing.

Morgan Court had a judgment lien with priority and it was entitled to foreclose on that lien regardless of whether there were any intervening liens, for any amount. Deutsche Bank argues that Morgan Court's exercise of that right was unfair, because Morgan Court could have delayed the foreclosure to make sure that everyone was paid. But Morgan Court's claim that it received no assurance (1) that the short sale would actually occur, or (2) that if it did occur, its lien would be satisfied, is well taken. The documents Morgan Court received showed that the approval from the buyer's lender had expired at the end of October and there was no evidence that the approval had been renewed.

In addition, Saxon's approval of the transaction expressly precluded any of the proceeds from going toward Morgan Court's judgment lien. The approval listed the sale price of $210,000, broken out into $175,332.71 to pay Deutsche Bank's first lien, total closing costs not to exceed $22,567.29, realtor sales commissions not to exceed $10,500, and only $1,600 to pay toward any subordinate lien. Any funds over and above the listed amounts (totaling $210,000 exactly) would go to Saxon. There was no allocation for Morgan Court's lien, even though Obeng and Saxon had full knowledge of the lien and the pending foreclosure sale. On this record, Deutsche Bank's claim that Morgan Court's efforts to protect its own interests constituted misconduct rings hollow.

Deutsche Bank also argues Morgan Court misused its "super lien" status when it purchased the unit for a fraction of its value. Brief of Appellant at 24-25. According to Deutsche Bank, the purpose of the super lien statute was to protect condominium associations' rights to recover up to six months of outstanding

association fees, not to provide a vehicle for them to purchase the units for the amount of fees owed. Deutsche Bank also claims that the statute provided Morgan Court with an unfair advantage and that Morgan Court used its priority to take the entire property, instead of only the amount of outstanding dues.[3]

Morgan Court responds that based on Deutsche Bank's own conduct, there was nothing unfair about it exercising its statutory right. It points out, and Deutsche Bank does not dispute, that Deutsche Bank could have paid Morgan Court's lien before the sale, but did not do so. Under RCW 61.12.060, payment of the mortgage debt, with interest and costs, at any time before sale, shall satisfy the judgment. Saxon had notice of Morgan Court's intent to foreclose as early as May 2009, when Morgan Court moved for relief from stay. Deutsche Bank, through its agent, had at least six months' notice before the foreclosure sale took place, during which time it could have paid the amount owed to Morgan Court. There is also nothing in the record indicating that Deutsche Bank was precluded from bidding at the trustee's sale. Deutsche Bank also had the chance to exercise its redemption rights during the one year period after the sale, and failed to do so.

Finally, Deutsche Bank argues that Morgan Court should not receive equitable consideration because it waited over two years to bring the quiet title

---

[3] Deutsche Bank also makes an argument suggestive of estoppel, claiming that Morgan Court cannot contend that Deutsche Bank is not prejudiced, when, according to Deutsche Bank, the emails show that Morgan Court's stated purpose of pressing forward with the sale was to gain an advantage over it. Because the argument is unsupported by any authority, we do not address it. RAP 10.3(a)(5); Cowiche Canyon Conservancy v. Bosley, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

action. Laches is an equitable principle that in a general sense relates to neglect for an unreasonable length of time, under circumstances permitting diligence, to do what in law should have done. Arnold, 75 Wn.2d at 147-48. It also requires an intervening change of condition, making it inequitable to enforce the claim. Id. Deutsche Bank has made no showing of an intervening change of condition that would make it inequitable to enforce the claim. Deutsche Bank or its predecessors in interest failed to pay the lien, bid at the sale, or exercise any redemption rights.

We conclude that the trial court did not err in granting summary judgment and quieting title in favor of Morgan Court.

Affirmed.

Spearman, C.J.

WE CONCUR:

Leach, J.                                    Becker, J.